UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                        Plaintiff,                **ORDER**
                                                          CV 03-4990 (JS)(ARL)
      -against-

FIRST WIRELESS GROUP, INC.,

                       Defendant.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's May 9, 2005 letter application seeking a pre-motion conference or permission to file a motion to compel the defendant to produce two Rule 30(b)(6) deponents and to permit a Rule 34(a)(2) entry upon land inspection. The court finds that a conference is unnecessary. Both the plaintiff's letter application and the defendant's opposition address the merits of the motion to compel. Accordingly, the undersigned can resolve this matter on the written submissions presently before it.

      The plaintiff, EEOC, seeks to compel the defendant, First Wireless Group, Inc., to produce two Rule 30(b)(6) deponents to address the defendant's electronically stored data and its human resources policies and practices. The defendant has refused to produce any witnesses until the defendant completes the depositions of the original twenty-one charging parties. In this regard the defendant contends that at the November 29, 2004 conference held before the undersigned, the court ordered that First Wireless was entitled to take all twenty-one depositions before the EEOC is entitled to take any depositions. Although prioritizing the depositions may have been reasoned approach in November, given the delays in discovery caused by the defendant and the September 30, 2005 discovery deadline, it is clear that taking discovery in this order no longer makes sense.

Accordingly, the defendant is to produce its witnesses in response to the plaintiff's Rule 30(b)(6) notices. The parties are further directed that all discovery is to go forward in the order noticed without regard to any previously agreed upon priority.

The plaintiff also seek to compel an inspection of First Wireless' premises pursuant to Rule 34(a)(2). The plaintiff contends that observing the layout and functioning of First Wireless will provide it crucial information pertaining to its claims that Asian workers were paid more for easier jobs or easier lines than Hispanic workers and that it will enable them to observe the factory, skill testing and workers performing their jobs. The plaintiff also seeks to videotape the premises to familiarize the jury with the factory environment. The defendant argues that the plaintiff's claim that First Wireless violated Title VII by unfairly compensating its Hispanic employees has no relationship to the physical premises. The defendant argues, therefore, that the plaintiff's request to conduct an inspection of the premises should be denied. The court disagrees.

Fed. R. Civ. P. 34(a)(2) provides that "[a]ny party may serve on any other party a request . . . (2) to permit entry upon the designated land . . . for the purpose of inspection and measuring, surveying, photographing, testing or sampling the property." The scope of this entry is limited to discoverable material pursuant to Rule 26(b). Rule 26(b) provides, in pertinent part, that "parties may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party." In addition to the claim that First Wireless discriminated against Hispanic workers by compensating them less than similarly situated Asian worker, the plaintiff alleges that Hispanic workers were also treated unequally "in regard to terms, conditions or privileges of employment." *See* Complaint at ¶ 7(b). To this end, the plaintiff should be given an opportunity to inspect the factory lines and work areas of the claimants. However, the court finds that photographing and/or videotaping the premises during regular work hours may unnecessarily disrupt or be hazardous to the employees at First Wireless. Accordingly, the defendant is directed to permit the EEOC to

enter the premises to conduct an inspection at a mutually agreeable time in order to see first hand the factory layout and better understand the overall conditions under which the claimants worked. If the plaintiff, after inspecting the premises, still wishes to photograph or videotape the premises it may do so after working hours, also at a mutually agreeable time.

Finally, the court is also in receipt of the defendant's letter application dated May 12, 2005 seeking to compel the EEOC to comply with its agreement to pay the fees and costs that First Wireless incurred when the EEOC failed to produce Olga Morales for a deposition. In support of its application, First Wireless has annexed a copy of the transcript for the Morales deposition during which the following agreement was recorded:

> MR. WIGDOR: It's two o'clock. We had scheduled a deposition to start at 1:30. . . rather than waiting until 2:30 or 3:00 to start a deposition, we've agreed to reschedule it.
> But based on my prior conversation, Ms. Santos, you're agreeing to pay costs associated with the reporter coming here as well as the time that myself and my colleague, Andrew Goodstadt, for coming out here as well?
>
> MS. SANTOS: Okay.

The plaintiff, nonetheless, opposes the request by letter misdated April 18, 2005, but received by the court today. Counsel for the plaintiff does not deny that she agreed to pay the fees and costs that First Wireless incurred when the EEOC failed to produce Olga Morales for a deposition; rather, she now contends that she was misled into believing that the delay was unilateral when, in fact, the defendant was not ready to proceed because the Spanish translator was unavailable. Mr. Wigdor, who was present at the deposition has, however, represented to the court that the interpreter was available at 2:10. Accordingly, the court does not find a basis for permitting the plaintiff to renege on it agreement to pay the fees and costs that First Wireless incurred when the EEOC failed to produce Olga Morales for a deposition.

The court will not address the plaintiff's arguments regarding the Trejo or Jimenez

depositions as no application concerning these depositions is currently before the court.

Dated: Central Islip, New York  
       May 19, 2005

**SO ORDERED:**

_____/s/_____  
ARLENE R. LINDSAY  
United States Magistrate Judge