UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                       Plaintiff,                 **ORDER**
                                               CV 03-4990 (JS)(ARL)

        -against-

FIRST WIRELESS GROUP, INC.,

                       Defendant.
-----------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Before the court is the defendant's letter application dated June 6, 2006, requesting that

the court enter an order dismissing certain charging parties and additional claimants (collectively

referred to as "claimaints") due to the EEOC's failure to propose deposition dates by an agreed

upon deadline. The EEOC opposes the application by letter dated June 9, 2006. That application

is denied. Seven out of 49 depositions have been taken. The EEOC has provided the defendant

with a deposition schedule for 25 additional claimants. Those depositions are scheduled to take

place between June 12, 2006 and July 12, 2006. Nonetheless, the EEOC is directed to provide

the defendant with a proposed deposition schedule for the remaining 17 claimants by June 30,

2006. All depositions shall be completed by July 31, 2006.

       Also before the court is the defendant's letter application dated June 13, 2006, seeking to

compel the claimants to respond to certain deposition questions concerning their countries of

origin and the accuracy of the information contained in their employment application and their

W-4. The defendant has also requested that the court reconsider its June 15, 2004 order barring

discovery into the claimants' immigration status. The EEOC opposes the motion and contends

that the defendant is asking these questions in an attempt to discover the claimants' immigration

status.  The plaintiff-intervenors join in the opposition by letter dated June 15, 2006.

The court has already ruled on this issue.  The court barred discovery concerning the claimant's immigration status.  But, as the EEOC acknowledges, the defendant may ask the claimants "In what country were you born?" With respect to the "credibility" questions, the court advised the defendant that it may ask "whether the claimants filed tax returns and whether false statements were made."[1]  The defendant has interpreted the court's order to permit it to also ask the claimants whether the social security number ("SSN") on the application and the W-4 was accurate.  The EEOC argues that this is another attempt to intimidate and embarrass the claimants.  The court agrees.  The focus of the court's earlier order was to protect the plaintiffs from the *in terrorem* effect of discovery requests aimed at learning their immigration status. A person who may be illegally in this country is likely to use a false SSN to obtain employment. The defendant's attempt to learn whether plaintiffs' used false SSN's is nothing more than a back door attempt to shed light on their immigration status and thereby avoid the court's ruling.  As the defendant's need for the information is outweighed by the potential for *in terrorem* effects of this inquiry, the defendant's application is denied.

Finally, the court does not believe that the reconsideration of its prior order regarding immigration status discovery is warranted based on the fact that the claimants are seeking recovery for emotional damages.

Dated:  Central Islip, New York          **SO ORDERED:**
      June 22, 2006

_____/s/_____
ARLENE ROSARIO LINDSAY

---

[1] Nothing in the court's order should be construed as barring plaintiffs from asserting their Fifth Amendment privilege in response to such questions.

2

United States Magistrate Judge