UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                      Plaintiff,                  **ORDER**
                                                                             CV 03-4990 (JS)(ARL)

       -against-

FIRST WIRELESS GROUP, INC.,

                      Defendant.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

    Before the court is the defendant's letter application dated September 8, 2006, seeking a protective order precluding the EEOC from communicating with its current and former employees. In the alternative, the defendant requests that the EEOC disclose the contents of any intended communication so that it can raise objections, if any, and prepare counter-communications, if necessary. The EEOC opposes the application by letter dated September 13, 2006. For the reason set forth below, the application is granted, in part.

    On May 27, 2004, the court held a conference with the parties during which the defendant expressed its valid concern that in interviewing certain current and former employees, the EEOC might breach the attorney-client privilege. On June 1, 2006, consistent with the parties' agreement reached at the conference, the court entered an order requiring each party to notify the other party of any intended communication with the defendant's current and former employees ten days prior to the communication. Pursuant to that order, on September 1, 2006, the EEOC filed an amended notice of its intent to communicate with 245 current and former employees of First Wireless. First Wireless objects to the intended communication on the grounds that (1) the notice is untimely; (2) the employees listed have nothing to do with the case; (3) ten of the

employees are current or former managers who the EEOC should not be entitled to contact; and (4) that the mass communications will disrupt its business.

As a threshold matter, the EEOC has agreed to forgo communications with any current employees in order to resolve the issue concerning the disruption of First Wireless' business. In order to do so, however, the defendant must identify, in writing, by September 27, 2006, which of the 245 employees are currently employed by First Wireless. The EEOC has agreed not to communicate with any of the current employees identified by the defendant.

With respect to the non-managerial former employees, the court agrees with the EEOC that there is no basis for prohibiting the EEOC's contact with former employees. "Federal courts [have] long recognized the appropriateness of contacting low-level employees of an institutional defendant." *Merrill v. City of New York,* 2005 U.S. Dist. LEXIS 26693 *2 (S.D.N.Y. Nov. 2, 2005) citing *N.Y. State Ass'n for Retarded Children v. Carey,* 706 F.2d 956 (2d Cir. 1983). Further, "[t]he restraint on contact with a party's employees generally extends only to current servants, not to former ones." *Merrill,* 2005 U.S. Dist. LEXIS at *3. The only justification for restricting contact with a former employ would be to protect privileged information that the employee may possess. *See Kingsway Fin. Servs. v. Pricewaterhouse-Coopers, L.L.P.,* 2006 U.S. Dist. LEXIS 35615 *14 (S.D.N.Y. June 1, 2006). This circumstance typically arises only with former managerial or supervisory employees. Accordingly, by September 27, 2006, First Wireless is to identify, from the list provided, any former managerial or supervisory employees with access to privileged information. As to each of these employees, First Wireless is to provide the EEOC with a declaration identifying the position held by each such employee, as well as a description of their duties and responsibilities. Upon receipt of the list form First Wireless, the EEOC is to provide First Wireless with the subject matter of its intended

communication with such employees by September 29, 2006. If, after reviewing the subject matter of the intended communication, First Wireless believes that those employees may be asked about information protected by a privilege belonging to First Wireless, it shall communicate its concern to the EEOC. If the issue cannot be resolved by the parties, First Wireless may then renew its application for a protective order with respect to the "manager-level" employees.

Finally, the parties are advised that due to a change in the undersigned's schedule, the final conference scheduled for September 27, 2006 is adjourned to October 23, 2006 at 11:30 a.m.

Dated: Central Islip, New York
      September 20, 2006

**SO ORDERED:**

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge