```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY              :    ECF
COMMISSION,                               :
                                          :
                   Plaintiff,             :
                                          :    No. 03 CV-4990 (JS)(AL)
         -against-                        :
                                          :
FIRST WIRELESS GROUP, INC.                :
                                          :
                   Defendant.             :
-------------------------------------------------------------X
```

**PLAINTIFF EEOC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO ADMIT INCONSISTENT STATEMENTS MADE BY DEFENDANT OVER THE COURSE OF THIS LITIGATION**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ........................................................................................................................ 2

ARGUMENT.............................................................................................................................. 5

    I.    Statements Defendant Made During The Administrative Investigation Are Party Admissions................................................................................................................ 5

    II.    The Statements Are Relevant and Admissible to Prove Pretext..................................... 7

    III.    None of Defendant's Statements Relate to Settlement Negotiations............................. 9

CONCLUSION........................................................................................................................ 11

**PRELIMINARY STATEMENT**

Plaintiff Equal Employment Opportunity Commission ("EEOC") submits this Memorandum of Law in support of its motion *in limine* for an order allowing EEOC to enter into evidence at trial statements Defendant First Wireless Group, Inc. (Defendant or "First Wireless") made to the Suffolk County Human Rights Commission ("SCHRC") and to the EEOC during the course of the investigation and litigation of the claims in this action. These statements relate to the merits of the claims alleged, specifically, the reasons Defendant has asserted for the adverse employment actions challenged in this case – the pay disparity between Hispanic and Asian employees and the firing of Hispanic employees who protested the pay disparity. Defendant objects to the admission of these statements in the Joint Pretrial Order on the basis that they constitute inadmissible hearsay and are not relevant.

Defendant's admissions were made in the course of defending against the claims in this action. Accordingly, they constitute party admissions and are not hearsay. They are relevant to prove that Defendant's rationales for paying Hispanic employees less than Asian employees and for firing certain Hispanic employees have shifted over time. From these shifting rationales, the jury is entitled to infer that Defendant's asserted legitimate business reasons for the wage disparity between Hispanic and Asian employees and for the firings are pretextual. In fact, courts routinely admit statements made by employers during the administrative investigation of employment discrimination charges for the purpose of proving pretext. Moreover, factual statements made by the employer in the context of refuting the merits of claims of discrimination do not constitute inadmissible offers to compromise. For these reasons, EEOC's motion must be granted.

# BACKGROUND[1]

EEOC has listed as exhibits Defendant's sworn answers submitted to the SCHRC in response to the charges of discrimination as well as Defendant's letters dated November 30, 2001, March 3, 2003, and May 14, 2003. EEOC seeks to offer these documents into evidence to show that the rationales Defendant has asserted to justify the pay disparity between Hispanic and Asian employees and for firing Hispanic employees have shifted over the course of the investigation and litigation of this matter.

Between June 26, 2001 and September 18, 2002, twenty-one Hispanic employees of First Wireless filed charges of discrimination against First Wireless with the Suffolk County Human Rights Commission. Each charging party alleged that First Wireless had discriminated against Hispanics by paying them less than Asians and by firing them in retaliation for complaining about the unlawful pay disparity. (Declaration of Margaret A. Malloy dated July 7, 2008 ("Malloy Decl.") ¶ 3.) Defendant submitted an answer to each of the twenty-one charges. Each answer was not only signed by Defendant's corporate counsel, John L. Juliano, it was also sworn by Frank McNierney as President of First Wireless in an attached "Corporate Verification." McNierney stated under oath that he had "personally read the foregoing ANSWER and knows the contents thereof; and that the same is true to [his] own knowledge." (*See* SDHR Answer, attached as Ex. 1 to Malloy Decl., and Malloy Decl. ¶ 4.)

In each answer, Defendant asserted that any difference in compensation with respect to certain of its employees "was based on a bona fide merit system or a system that measured employees [sic] experience and quality of production to earnings." (Malloy Decl. ¶ 4 and Ex. 1.) During the investigation and subsequent litigation of this matter, however, Defendant abandoned

---

[1] The factual background of the case is set out in EEOC's Local Rule 56.1 Counter-Statement of Disputed Material Facts previously filed with the Court and is briefly summarized in EEOC's July 7, 2008 Memorandum of Law in Support of Motion *in Limine* to Exclude Undisclosed Witnesses and Exhibits.

the rationale that compensation was based in any way on production.  In a letter dated November 30, 2001, Defendant asserted that the disparity in pay between Asians and Hispanics was "based upon position and experience" and that "each of the Asians had prior work experience in the electronics field" while Hispanics "had no experience and had to be trained on the job and continue to be trained on the job."  (*See* letter dated Nov. 30, 2001 from Defense counsel to SCHRC, attached as Ex. 2 to Malloy Decl.)  In subsequent correspondence, it became clear that Defendant could not support its original assertion that pay was based on employee production: in a March 3, 2003 letter, Defendant stated, "[a]ll personnel are hired at specific rates per position and qualifications.  Since November, 1999 only two raises have been given and these raises were based by department not the individual" (letter dated March 3, 2003 from Defense counsel to EEOC, attached as Ex. 3 to Malloy Decl.); in a letter dated May 14, 2003, Defendant responded to a request for information by the EEOC by asserting that "First Wireless Group, Inc., does not monitor or record individual production records for specific individuals within the company" and that "[t]here are no written documents or recorded measurements of employees' production for individual employees" (letter dated May 14, 2003 from Defense counsel to EEOC, attached as Ex. 4 to Malloy Decl.).  McNierney himself stated that he did not even know what "based on a bona fide merit system or a system that measured employees' experience and quality of production to earnings" meant. (Excerpts of the deposition of Frank McNierney, attached as Ex. 5 to Malloy Decl., at 276:12-277:21.)

In moving for summary judgment, Defendant asserted for the first time yet another rationale purporting to explain the pay disparity – that Asian employees were paid more because they lived in "the outer boroughs of New York" whereas all Claimants lived in Suffolk County.  (Portions of Defendant's Memorandum of Law in Support of Defendant First Wireless Group,

3

Inc.'s Motion for Summary Judgment, attached as Ex. 6 to Malloy Decl.)  Defendant made this assertion without any evidence whatsoever to support it – no manager had testified that employees' places of residence played a role in determining compensation and Defendant submitted no affidavits to that effect.  (Portions of Defendant's Concise Statement of Material Facts dated October 13, 2006, attached as Ex. 7 to Malloy Decl., Malloy Decl. ¶ 9.)

In each answer, Defendant also asserted that each Charging Party's position "was eliminated as a result of the reorganization of [First Wireless]." (Malloy Decl. ¶ 4 and Ex. 1.)  In subsequent correspondence dated November 30, 2001, however, Defendant asserted that certain Charging Parties were not qualified to handle "a new type of work requiring specialized training," that there were "numerous complaints" about three Charging Parties "not doing their jobs, but rather [being] involved in personal matters and personal relationships," and that another reason for the terminations was "the personal favoritism of certain Hispanic Groups (Columbian) over other Hispanic Groups." (Malloy Decl. Ex. 2.)  In a March 3, 2003 letter, Defendant asserted that one charging party was fired in part because of "his production out put [sic], which we felt was inadequate, as well as his poor attitude and his inability to deal with people." (Malloy Decl. Ex. 3.)  In his deposition, however, McNierney testified that he did not understand the statement that there was any new type of work requiring specialized training, that he did not know what sort of new work there could have been that the charging parties would not have been able to handle, and that he did not know what "production output" means.  (Malloy Decl. Ex. 5 at 236:18-21, 245:10-19, 283:19-285:9.)

EEOC seeks to offer these and other statements that Defendant has made over the course of the investigation and litigation of this matter for the jury's consideration in determining

4

whether Defendant has offered shifting justifications for the disparate pay between Hispanics and Asians and for firing Hispanic employees.

## ARGUMENT

I.  **Statements Defendant Made During The Administrative Investigation Are Party Admissions**

Federal Rule of Evidence 801(d)(2) provides, in relevant part, that a statement is *not* hearsay if:

> the statement is offered against a party and is (A) the party's own statement, in either an individual or representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.

Statements made by a party's attorney during litigation of a case are admissible against the party under Rule 801.  *See Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994) ("A court can appropriately treat statements in briefs as binding judicial admissions of fact."); *see also United States v. McKeon,* 738 F.2d 26, 30-31, 33 (2d Cir. 1984) (noting "general admissibility of an attorney's statements" and holding that use against criminal defendant of his counsel's argument to a jury in an earlier trial is permissible under Rule 801(d)(2)(B) and (C)).  This principle is equally applicable when the statements are made during the administrative investigation of a claim of employment discrimination.  *See, e.g.*, *EEOC v. Town of Huntington,* No. 05 CV 4559 (DRH), 2008 U.S. Dist. LEXIS 9602, at *21 (E.D.N.Y. Feb. 8, 2008) (holding that Defendant's attorney's statement made to EEOC during investigation constitutes party admission); *Am. Ctr. for Int'l Labor Solidarity v. Fed. Ins. Co.*, 518 F. Supp. 2d 163, 168-69 (D.D.C. 2007) ("Position Statements may be admissible as evidence of party admissions or for purposes of witness impeachment."); *Khan v. Sanofi-Synthelabo, Inc.*, No. 01 Civ. 11423 (JS)(DF), 2002 U.S. Dist.

5

LEXIS 23161, at *9 (S.D.N.Y. Dec. 3, 2002) (position statement contradicting affidavits on how an employment decision was made "may stand as a party admission").

Defendant's statements at issue here relate to its justifications of its actions and were made by Defendant's attorney in the course of defending against the claims in this case. They are therefore admissible against Defendant as the admissions of a party opponent under Rule 801(d)(2)(B), (C) and (D). The answers Defendant submitted to the SCHRC were not only signed by Defendant's attorney, they were sworn by Defendant's own president, Frank McNierney. In a verification accompanying each answer, McNierney stated under oath that he had "personally read the foregoing ANSWER and knows the contents thereof; and that the same is true to [his] own knowledge." (Malloy Decl. ¶ 4, Ex. 1.) Accordingly, those answers are also admissible as Defendant's own statements under Rule 801(d)(2)(A), Fed. R. Evid.

Defendant may contend that the answers submitted to the SCHRC have since been superseded, given its abandonment of certain defenses. However, as the Second Circuit has stated:

> "When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible, like any other extra-judicial admission made by a party or his agent. . . . If the agent made the admission without adequate information, that goes to its weight, not to its admissibility."

*McKeon*, 738 F.2d at 31 (quoting *Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc.*, 32 F.2d 195, 198 (2d Cir. 1929)) (omission in original). Thus, any assertion that Defendant's proffered reasons have changed due to its subsequent investigation of the facts does not affect the admissibility of Defendant's statements. There can be no dispute that counsel was acting in an authorized capacity for Defendant when it made the statements at issue. Defendant's answers

submitted to the SCHRC and its subsequent statements regarding the merits of the claims in this case are therefore admissible evidence as to the facts stated.

## II.     The Statements Are Relevant and Admissible to Prove Pretext

EEOC seeks to introduce Defendant's statements regarding its asserted reasons for the actions challenged in this case as evidence that those reasons have shifted over time and are therefore pretextual.  It is well established that where an employer's justifications for its actions change over the course of an investigation and subsequent litigation, the jury may infer that the employer's reasons are false and a pretext for discrimination.  In *EEOC v. Ethan Allen, Inc.*, 44 F.3d 116, 120 (2d Cir. 1994), plaintiff EEOC introduced evidence at trial that the employer had provided inconsistent explanations for its actions.  Despite this evidence, the district court granted judgment as a matter of law for defendant at the close of trial.  In vacating the district court's judgment and remanding for a new trial, the Second Circuit held that the evidence plaintiff offered was sufficient for the case to be sent to the jury, since "[f]rom such discrepancies a reasonable juror could infer that the explanations . . . were pretextual, developed over time to counter the evidence suggesting age discrimination."  44 F.3d at 120 (citing, *inter alia*, *Schmitz v. St. Regis Paper Co.*, 811 F.2d 131, 132 (2d Cir. 1987) (per curiam) (holding that shift in justifications could be sufficient to prove pretext); *Washington v. Garrett*, 10 F.3d 1421, 1434 (9th Cir. 1993) ("[I]n the ordinary case, such fundamentally different justifications for an employer's action . . . give rise to a genuine issue of fact with respect to pretext since they suggest the possibility that . . . the official reasons [were not] the true reasons.")).  From evidence that an employer's asserted justifications are pretextual, a jury may make "the ultimate inference of discrimination."  *Ethan Allen*, 44 F.3d at 120.  "Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of

7

intentional discrimination, and it may be quite persuasive." *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 147 (2000) (citing *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 517 (1993) ("[P]roving the employer's reason false becomes part of (and often considerably assists) the greater enterprise of proving that the real reason was intentional discrimination")).

Given this common method of proving pretext, courts routinely admit evidence of employer statements made during administrative investigations. In *Ethan Allen*, for example, the evidence cited by the Second Circuit as supporting plaintiff's claim of pretext included the employer's written initial response to the state's civil rights investigation in which the employer stated that the sole reason for the employee's discharge was a decrease in the duties of his position. 44 F.3d at 120. The employer later abandoned this position when it became clear that it was false, and then asserted it fired the employee because of performance problems. *Id.* Similarly, in *Carlton v. Mystic Transportation, Inc.*, 202 F.3d 129, 137 (2d Cir. 2000), the Second Circuit reversed the district court's grant of summary judgment based on the defendant's representations during the EEOC investigation. Contrasting the employer's justification for dismissing the plaintiff proffered during the EEOC investigation with the justification put forth during the litigation, the court held that "[t]he inconsistency between the justifications offered for [plaintiff's] dismissal in the two proceedings raises a genuine issue of material fact with regard to the veracity of [the] non-discriminatory reason." *Id.*; *see also Maschka v. Genuine Parts Co*., 122 F.3d 566, 570-71 (8th Cir. 1997) (letter sent by defense counsel in response to charge of discrimination was properly admitted to demonstrate that defendant's asserted reasons for employee's discharge were inconsistent); *Olitsky v. Spencer Gifts, Inc.*, 964 F.2d 1471, 1476-77 (5th Cir. 1992) (response to charge setting forth factual information related to merits of charge was properly admitted); *EEOC v. Concrete Applied Constr. Techs. Corp.*, No. 03 CV 670A(F),

8

2007 U.S. Dist. LEXIS 67823, at *49 (W.D.N.Y. June 28, 2007) (discrepancies between defendant's initial response to EEOC charge and subsequent statements created issue of material fact for trial), *adopted, summary judgment denied,* 511 F. Supp. 2d 334 (2007); *Frazier v. Ind. Dep't of Labor,* No. IP 01 198 C T/K, 2003 U.S. Dist. LEXIS 9073 at *15-16 (S.D. Ind. Mar. 17, 2003) (denying motion *in limine* to exclude defendant's response to charge of discrimination), *reconsid. on other grounds*, 2003 U.S. Dist. LEXIS 9067.

Under the controlling Second Circuit case law discussed above, the statements EEOC seeks to offer into evidence are relevant and admissible to prove that Defendant's explanations for its actions challenged in this case are pretextual.

### III.    None of Defendant's Statements Relate to Settlement Negotiations

At the pretrial conference held on May 2, 2008, the Court expressed concern that Defendant's statements made during the administrative investigation may constitute statements made in a negotiation posture and therefore be inadmissible.  Defendant did not make any of the statements at issue in the context of settlement negotiations, but rather in the context of the factual investigation of the merits of the charges.  In admitting similar statements, courts distinguish between such "'purely factual material related to the merits of [the] charge' and 'proposals and counter-proposals of compromise made by the parties during the [EEOC's] efforts to conciliate.'"  *Olitsky*, 964 F.2d at 1476-77 (quoting *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 881 (5th Cir. 1981)) (alteration in original).  In *Binder v. Long Island Lighting Co.*, a case brought under the Age Discrimination in Employment Act, the Second Circuit held that the district court erred in refusing to consider Defendant's statement to the EEOC, observing that:

> Factual statements regarding past events are distinguishable from offers of compromise, and, if the principal objective of an EEOC proceeding is to ascertain

9

>    what has occurred and, wherever possible, to resolve disputes without litigation, a
>    rule that allows employers to give off-the-record accounts of relevant events will
>    not necessarily advance that objective.

933 F.2d 187, 193 (2d Cir. 1991); *see also Frazier*, 2003 U.S. Dist. LEXIS 9073, at *17 ("A defendant's position statement is not necessarily given as part of such conciliatory endeavors.")

At the time the statements at issue were made, EEOC had not yet made any finding as to the merits of the charges and therefore had not yet begun efforts to conciliate. For these reasons, neither Rule 408, Fed. R. Evid., nor any EEOC statute or regulation bars the admission of this evidence.

**CONCLUSION**

For the reasons discussed above, EEOC's motion should be granted in full.

Dated: New York, NY
       July 7, 2008

                            Respectfully Submitted,

                            EQUAL EMPLOYMENT
                            OPPORTUNITY COMMISSION

                            ELIZABETH GROSSMAN
                            Regional Attorney

                            LISA SIRKIN
                            Supervisory Trial Attorney

                            ADELA SANTOS
                            Senior Trial Attorney


                            __S/ *Margaret A. Malloy*_____
                            Margaret A. Malloy
                            Trial Attorney
                            Equal Employment Opportunity Commission
                            New York District Office
                            33 Whitehall Street, 5th Floor
                            New York, New York 10004
                            margaret.malloy@eeoc.gov
                            Tel:  (212) 336-3690
                            Fax:  (212) 336-3623